IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEOFF JOHNSON,                          :
                                        :
       v.                               :        CIVIL ACTION NO. 21-2589
                                        :
MOLD SOLUTIONS & INSPECTIONS, LLC, :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            DECEMBER 13, 2022


       Plaintiff Geoff Johnson claimed that Defendant, Mold
Solutions and Inspections, LLC, used a copyrighted photo that
Plaintiff had taken of his childhood home on Defendant's
commercial blog without permission. Plaintiff sued for (1)
copyright infringement under 17 U.S.C. § 501, et seq. and (2)
violation of the Digital Millennium Copyright Act, 17 U.S.C. §
1202 ("DMCA"), for the alleged removal of copyright management
information from the photo. The case proceeded on the court-
annexed arbitration track. The arbitrators awarded Plaintiff
$5,000 on the first claim (he had sought $15,000), thus, the
arbitrators found Defendant had infringed. The arbitrators ruled
in favor of Defendant on the DMCA claim.[1]

---

[1]    Neither party sought a trial de novo within thirty days of
the arbitration decision, as is provided for under Local Rule
53.2 ¶7.

Presently before the Court are both parties' motions for attorneys' fees and costs. The Court will grant Plaintiff's motion but, for the reasons described below, will reduce the requested fees. The Court will deny Defendant's motion as it is not the prevailing party.

## I.   LEGAL STANDARD

Both the Copyright Act and the DMCA permit the prevailing party to recover its costs and attorneys' fees. 17 U.S.C. § 505 ("§ 505"); 17 U.S.C. § 1203(b)(4) and (5). While fee awards under the Copyright Act are discretionary, they are also routinely awarded. See Lowe v. Loud Records, 126 Fed. App'x. 545, 547 (3d Cir. 2005) (citing Gen'l Universal Systems, Inc. v. Lee, 379 F.3d 131, 148 (5th Cir. 2004)).

## II.  DISCUSSION

### A.   Defendant's Motion for Fees

Defendant argues that because it successfully defended against Plaintiff's DMCA claim and Plaintiff was only awarded $5,000 for the infringement claim, instead of the $15,000 he sought, Defendant was the prevailing party.

Here, the prevailing party is Plaintiff, not Defendant. A prevailing party is one that "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Am. Bd. of Internal Med. v. Von Muller, 540 F. App'x 103, 106 (3d Cir. 2013) (quoting

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). The primary claim in the case was infringement, and the arbitrators found that Defendant infringed. <u>See</u> <u>Sherry Mfg. Co. v. Towel King of Florida, Inc.</u>, 822 F.2d 1031, 1035 n.5 (11th Cir. 1987) (determining that the successful party on the central issue, the infringement claim, was the prevailing party for the purpose of the attorneys' fee award and holding, "[w]e must look to the central issues in the case, not the periphery"). Whether Defendant removed an attribution line from a photo was not the thrust of the case. Plaintiff succeeded on the most significant issue in the litigation.

Therefore, the Court will deny Defendant's motion for fees as it is not the prevailing party.

**B.   Plaintiff's Motion for Fees**

As discussed, Plaintiff is the prevailing party, so the Court will analyze whether fees are appropriate and, if so, what amount of fees is just.

**1.   The Propriety of Fees and Costs**

In exercising their discretion to award attorneys' fees, courts often evaluate four non-exclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." <u>Lieb v. Topstone Industries, Inc.</u>,

788 F.2d 151, 156 (3d Cir. 1986). "The district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." Bell v. United Princeton Props., Inc., 884 F.2d 713, 721 (3d Cir. 1989). There is no precise rule or formula for making these determinations, but instead, the court's "equitable discretion should be exercised 'in light of the considerations [the Supreme Court] has identified.'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (quoting Hensley, 461 U.S. at 436-437). Moreover, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435.

Based on the following analysis, which includes discussion of the four factors identified above, the Court concludes that it is appropriate in this case to award some fees to Plaintiff's counsel.

### a.   Degree of Success Obtained

Plaintiff argues that he obtained complete success on his copyright infringement claim against Defendant's use of his photo. While Plaintiff did succeed on his copyright claim, he only received one-third of the damages he sought and lost on his second claim. The Court cannot say that this is an "excellent" result. Defendant argues that Plaintiff's fees should be reduced because of the underwhelming results. The Court agrees. As

4

discussed further below, although the factors indicate fees are appropriate, the Court concludes that they should be reduced.

### b.   Frivolousness

Plaintiff's copyright claim was not frivolous because the arbitrators found that Defendant infringed and used Plaintiff's photo without permission. This factor favors awarding fees.

### c.   Motivation

"[P]arties are improperly motivated only if they do not have 'a good faith intent to protect a valid interest, but rather a desire to discourage and financially damage a competitor by forcing it into costly litigation.'" Schiffer Pub. v. Chronicle Books, No. Civ.A.0003-44444962, 2005 WL 1244923, at *4 (E.D. Pa. May 24, 2005) (quoting Yankee Candle Co. v. Bridgewater Candle Co., LLC, 140 F. Supp. 2d 111, 116 (D. Mass. 2001)). The Court agrees with Plaintiff that his motivation appears to have been to protect his copyright. Thus, the Court finds this factor weighs in favor of awarding fees.

### d.   Objective Reasonableness of Defendant's Position

Objective unreasonableness in this context means that the Defendant's affirmative defenses were "clearly without merit or otherwise patently devoid of legal or factual basis. . . ." Silberstein v. Fox Entm't Grp., Inc., 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008) (internal citation and quotation marks omitted).

Because Defendant prevailed on one of the claims, the Court cannot conclude that its position was entirely unreasonable. Likewise, the fact that Plaintiff was awarded one-third of the damages he sought tends to show that there was some merit to the defense. However, Defendant was unable to convince the arbitrators that it did not infringe. The Court finds this factor neutral.

### e.   The Need for Compensation and Deterrence

The Court concludes that compensation to Plaintiff is required to deter others from similar infringement. However, a reduction in fees will still provide adequate deterrence under these circumstances.

When weighing these factors, the Court concludes that Plaintiff is entitled to some measure of attorneys' fees. As discussed above and immediately below, however, the Court concludes that the requested fees should be reduced.

### 2.   The Reasonableness of the Fee Request

Plaintiff seeks $46,560 in legal fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. "This figure, commonly referred to as the 'lodestar,' is presumed to be the reasonable fee. . . ." City of Riverside v. Rivera, 477 U.S. 561, 568 (1986). Plaintiff's counsel is seeking

their lodestar in that their requested fees are based on their alleged billable hours multiplied by the relevant rates.

Plaintiff's counsel's rates are: (1) $700 per hour for 28th year senior associate work; (2) $500 for 20th year senior associate work; (3) $400 for 10th year senior associate work; and (4) $100 per hour for paralegal work. The Court concludes that these rates are generally reasonable in this geographic region based on historic rates and the fee schedule established by the Community Legal Services of Philadelphia.

After consideration of the rate, the court must determine whether counsel spent a reasonable number of hours working on the matter. "A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 291 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)). When considering a request for attorneys' fees, a district court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those hours that are 'excessive, redundant, or otherwise unnecessary.'" Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 710 (3d Cir. 2005)

(quoting Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995)).

Plaintiff's counsel seeks compensation for 106.3 hours spent on the litigation, with 14.5 hours at $700 per hour, 2.6 hours at $500 per hour, 87.3 hours at $400 per hour, and 1.9 hours at $100 per hour.

After careful consideration of the parties' arguments, the Court will sustain some of Defendant's objections and, as a result, the Court will reduce the requested fee to one-third, or $15,520. See Am. Bd. of Internal Med. v. Von Muller, 540 F. App'x 103, 107 (3d Cir. 2013) (providing that a court "may reduce the requested hours with an across-the-board cut" (quoting Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008)) and that "[w]hile blanket percentage reductions should not be ordered in a perfunctory fashion, . . . they are permissible so long as the court 'provide[s] a concise but clear explanation of its reasons for the fee award'" (quoting Hensley, 461 U.S. at 437 (1983)).

While a "determination of fees 'should not result in a second major litigation,'" "trial courts need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838 (2011) (quoting Hensley, 461 U.S. at 437). Thus, this Court will "take into account [its] overall sense of [the] suit, and [will] use estimates in calculating and allocating an attorney's time" given that the "essential goal in shifting fees

(to either party) is to do rough justice, not to achieve auditing perfection." <u>Fox</u>, 563 U.S. at 838.

Here, the Court agrees with Defendant that given the nature of the court-annexed arbitration and lack of novel issues in the case, Plaintiff's counsel expended more hours at higher rates than required.

First, a review of Plaintiff's records indicates that some of the hours billed at the highest rates could have been performed by less senior attorneys. Rates must bear some relationship to the task at hand. As the Third Circuit has colorfully put it "[a] Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670, 677 (3d Cir. 1983). The question of whether counsel's ordinary rates are reasonable (discussed supra), is different from whether work should have been billed at a lower rate. Here, given the relatively straight forward nature of the issues, the rates charged for some of the work performed appear overly generous.

Second, the number of hours expended appears excessive and not consistent with the exercise of sound billing judgement. <u>Hensley</u>, 461 U.S. at 434. There are only 26 items on the docket (only a few of which were filed by Plaintiff) and there was no motions practice. According to Plaintiff's time records, the parties submitted only one arbitration brief each. The docket

also indicates that there were only six months between the filing of the complaint and the arbitration award which occurred after one video arbitration date. The case itself involves only one photo and two standard claims related thereto: (1) violation of copyright and (2) the alleged removal of attribution from the photo in violation of the DMCA. While Defendant raised several defenses, it abandoned most early, and the remaining defenses were not novel and included such basics as fair use and failure to register.

Defendant also argues that Plaintiff impermissibly engaged in block billing. See Simring v. Rutgers, 634 F. App'x 853, 859 (3d Cir. 2015) ("Block billing makes it more difficult for courts to review hours expended because we do not know how many hours a lawyer spent on a discrete task"). The Court agrees that some of Plaintiff's counsels' billing is vague and difficult to evaluate, especially since it mostly consists of the somewhat nebulous tasks of reviewing information and discussing it internally.

Finally, as mentioned above, the Court has concluded that Plaintiff's result was not "excellent" in that he received far less than he sought. See McCutcheon v. Am.'s Servicing Co., 560 F.3d 143, 151 (3d Cir. 2009) ("Once a lodestar calculation has been reached, a court may then reduce that amount to account for 'limited success' by a plaintiff, focusing on 'the significance

of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" (quoting Hensley, 461 U.S. at 435–36)).

Based on this analysis, the Court concludes that while Plaintiff's counsel is entitled to fees, those fees should be reduced to one-third, amounting to $15,520.

### 3.   The Reasonableness of the Costs

In addition to fees, the Court should award "full costs." 17 U.S.C. § 505. Reasonable out-of-pocket expenses include filing fees, postage, messenger expenses, telephone charges, legal research, and other documented expenditures. Yash Raj Films (USA) Inc. v. Movie Time Video USA, Inc., No. 04 CV 5107 JG RML, 2007 WL 2572109, at *6 (E.D.N.Y. July 26, 2007).

Plaintiff claims as costs (1) the $402 filing fee, (2) the $450 arbitration fee, and (3) $112.80 for process service, for total costs of $964.80. The Court concludes that these costs are reasonable.

### III.    CONCLUSION

While the Court agrees that a fee award to Plaintiff's counsel is warranted, it also finds that the requested fees should be reduced as discussed above. Thus, the Court grants Plaintiff's motion for fees but reduces the fee and costs amount

to $16,480.80. Defendant's motion for fees is denied as it was not the prevailing party.

An appropriate order follows.